The matters of the estate of Enrico Caruso, deceased, have been before this court and the prerogative court several times (Caruso v. Caruso, 101 N.J. Eq. 215; Ibid. 350; 102 N.J. Eq. 393; 103 N.J. Eq. 487) and finally the proceedings in these two courts, at least in large measure, came before the court of errors and appeals, and the opinion of that court was delivered by Mr. Justice Kalisch, reported in 106 N.J. Eq. 130, and it sets forth the facts and the history of the previous litigation so exactly as to call for no further statement thereof herein.
It may properly be observed, however, that all of the controversy was traceable to four matters:
1. A contract of Enrico Caruso with the Victor Talking Machine Company for the payment of royalties.
2. A decree of the civil and penal tribunal of the city of Naples, Italy, respecting the distribution of the estate of Enrico Caruso, deceased. *Page 235 
3. Whether or not Gloria Caruso, a minor daughter of the intestate, was bound by such decree so far as the aforesaid royalties are concerned; and
4. Whether such royalties are to be considered, so far as the infant Gloria Caruso is concerned, as income or principal.
The court of errors and appeals in its opinion, supra, I think, definitely disposed of all of these matters, except the last.
As I read it, it definitely holds that the decree of the Naples tribunal as to the royalties in question is controlling; that it questions the necessity of the appointment of Mrs. Caruso as ancillary administratrix in this state but passes it as "a matter of minor importance in view of the final result reached;" that the ancillary administratrix shall account for all royalties received by her and pay such moneys without deduction into the court of chancery to be distributed by that court "among the distributees mentioned in the decree of the Naples tribunal and as determined in that decree which is upheld by this court;" and that whether such royalties are income, as held by the court of chancery, or principal as contended for was considered "wholly unimportant."
Pursuant to the judgment entered in this court following the disposal of the appeals by the court of errors and appeals, the ancillary administratrix filed her account showing receipts and disbursements from an account in the Hudson County National Bank known as account Number One.
Distribution, according to the account, has been fully made of the moneys in said account Number One in accord with the requirements of the decree of this court entered upon theremittitur coming down from the court of errors and appeals.
Several exceptions to this account were filed upon behalf of Enrico Caruso, Jr. None are pressed except numbers 1, 2, 4, 5 and 6 which go to items of federal income payments assessed against the income of the infant, Gloria Caruso, paid out of general funds of the fore-mentioned account Number One in the hands of the ancillary administratrix and which payments amount, in total, to $10,110.17. *Page 236 
These exceptions are well taken and should be allowed and the credits taken by the administratrix in her account should be disallowed. This appears to be conceded by counsel for all parties. This results in the account in question showing a balance of $10,110.17 in the hands of the administratrix for distribution, subject to deduction of expenses and allowances to counsel, which are fixed and determined, as follows:
Premiums due and unpaid to the Fidelity and Deposit Company of Maryland upon the bond of the accountant; McDermott, Enright and Carpenter, solicitors for and of counsel with the accountant, two thousand (2,000) dollars; Martin V. Bergen, solicitor for and of counsel with the guardian ad litem of Gloria Caruso, one thousand (1,000) dollars, and Merritt Lane, solicitor for and of counsel with the exceptants, seven hundred and fifty (750) dollars.
The balance then remaining in the hands of the accountant, after payment of these allowances, shall be by her distributed under the terms of the decrees of the Naples tribunal.
Now there is also in the hands of the administratrix another account in the Hudson County National Bank and known as account Number Two.
The funds therein were directed to be so deposited by this court and are in nowise accounted for by the account hereinbefore referred to and which this court was in no manner called upon to consider in connection therewith.
The disposition of such funds is now before the court because counsel for the guardian ad litem of Gloria Caruso has filed a petition praying that the funds in said account, after deducting therefrom a proper allowance to him as counsel, be directed to be deposited in the Banco di Napoli at its New York offices in the name of Gloria Caruso with pupillary restrictions.
To this the ancillary administratrix has filed an answer and a cross-petition in which, inter alia, she asks that she be authorized to transfer from this account to account Number One the sum of $10,110.17, the federal income taxes paid by her for the account to Gloria Caruso, and that she pay the balance of said account Number Two to herself as guardian *Page 237 
or that the "Hudson County National Bank may be authorized and directed to pay," to her, "the entire balance in account Number Two in said bank at this date to the end that," she, "may reimburse account Number One the sum of $10,110.17 and distribute the remainder in accordance with her obligations as mother of and guardian for her daughter Gloria." Counsel for the guardian adlitem of Gloria answers this cross-petition by asserting that under the Italian decrees these funds in account Number Two represent principal belonging to Gloria and the payment or repayment of these federal income taxes cannot, under the Naples decrees, be paid therefrom but only from income.
The history of the creation of this account Number Two seems to be as follows:
The original deposit was $16,858.49, no part of which has been withdrawn, and because of additions of interest amounted on January 21st, 1935, to $22,470.08.
The original sum of $16,858.49 represents sums of money received from Victor royalties in favor of the infant, Gloria, which under the decrees of the Naples tribunal should have been deposited in her name, with pupillary restrictions, in the Banco di Napoli, at its New York offices, but for some reason, not here important, was deposited in the Fifth Avenue Bank of New York in the name of "Alfred F. Seligsberg and Dorothy P.B. Caruso, Joint Account." There were numerous transactions respecting such account so that on February 1st, 1927, there remained as a balance the said sum of $16,858.49 which by an order of this court upon the application of counsel for the guardian ad litem
of Gloria was transferred to and became the initial and sole deposit in the before mentioned account Number Two.
The federal taxes amounting to $10,110.17 before referred to and being the sole subject of the present controversy were those levied against the income of Gloria Caruso because of her share of the Victor royalties for the years 1922 and 1923.
Whether the funds in this account are to be considered principal or income or both and, if the latter, then what amount is principal and what income, is difficult to determine *Page 238 
and a question which, I think, this court is not called upon to decide.
Upon this question I am confronted with diversity of opinion.
This court in Caruso v. Caruso, 102 N.J. Eq. 293, supra,
held that all receipts from Victor royalties were income.
The court of errors and appeals in Caruso v. Caruso,106 N.J. Eq. 130, 137, said: "We deem it wholly unimportant, in considering the questions presented on the appeals and cross-appeals, whether or not the usufruct arising from the Victor Talking Machine Company's contract be considered as principal or income."
The federal income taxing authorities must have considered them as income because they levied income taxes against them as such.
The decree of the Naples tribunal seemingly defined and, at least, designated one-half of the infant, Gloria's share as capital "with the pupillary restrictions."
Further, counsel representing the several parties before me are not in accord upon the question.
Under the decree of the Naples tribunal Dorothy Benjamin Caruso, the mother of the infant, Gloria, was designated as her "tutor and legal administratrix" and the Victor Talking Machine Company was authorized to pay four-eighths of the royalties due Gloria as follows: "to pay two-eighths without restriction to Mrs. Dorothy Benjamin Caruso, as mother, tutor and legal administratrix of the property of her minor daughter, Gloria Caruso, until her coming of age and to deposit the other two-eighths in the Banco di Napoli, at its New York offices, in the name of Gloria Caruso with the pupillary restrictions."
As to the moneys so directed to be deposited for the account of the infant, Gloria, in the Bank of Naples the further order and decree of the Naples tribunal is that such bank "pay annually on account of the minor, Gloria Caruso, the taxes due on such sums deposited in the Bank of Naples, in the name of said minor and to obtain reimbursement from subsequent payments together with interest at five per cent. *Page 239 
from the day of the payment of the taxes until the day of reimbursement. It is understood that the bank is responsible only for the money which it actually receives without assuming any responsibility for the accuracy of the sums which will be paid to the bank or for the taxes ascertained against the minor, GloriaCaruso, because such responsibility lies only upon the legalrepresentative of the minor, both for the sums received andtoward the state for the taxes due."
The court of errors and appeals, in Caruso v. Caruso,supra, said: "* * * there was no good reason for the appointment of an administratrix with letters ancillary. Such a course was unnecessary, since the only asset in this state was the contract with the Victor Talking Machine Company yielding royalties enuring to the benefit of those persons expressly designated in the family contract, and as embodied in the Italian decree, which decree in unequivocal terms points out to whom and in what aliquot part such royalties due and to grow due shall be paid by the Victor Talking Machine Company." And further, "we are also of the opinion that the Victor Talking Machine Company was an unnecessary party to the proceedings had in this case. There was no trust existing between the Victor Talking Machine Company and the distributees under the foreign decree, the status being that of creditor and debtor. There was no basis whatever for the appointment of the said company as trustee.
The decree of the Naples tribunal points out to whom and in what proportion the sum due or to become due as royalties arising out of the contract shall be paid, namely, "the said company shall pay to each of the distributees as directed by the decree."
From the time of the appointment of the administratrix with letters ancillary, on January 21st, 1922, until the aforesaid adjudication of the court of errors and appeals on February 3d 1930, the Victor Talking Machine Company made payment of such royalties to the administratrix. This, of course, included those of the years 1922 and 1923.
Had such payments been made as held by the court of errors and appeals two-eighths thereof, being one-half of the *Page 240 
share of Gloria, would have been paid outright to her mother and two-eighths thereof, being the remaining one-half share of the minor, would have been deposited in the Bank of Naples under the terms of the Italian decrees as before set forth and such bank would have been charged with the payment of the taxes in question therefrom without liability because thereunder the responsibility "lies only upon the legal representative of the minor," her mother.
It is evident that the intent of these decrees was, that taxes being levied must be paid, but that the Naples tribunal reserved to itself the right to determine, ultimately, and from whatever fund initially paid, whether they should be paid by the mother of Gloria from funds coming to her under its decrees or from other moneys coming to Gloria from said royalties.
And this is the position that I feel compelled to take and in doing so I am holding that if the moneys now in this account Number Two had been by the Victor Talking Machine Company deposited with the Bank of Naples, the taxes now in question, assessed against such funds would have been paid by the bank subject finally to the judgment of the Naples tribunal as to whether they should have been paid from such funds or from funds coming to and received under such decrees by the infant's mother.
Of course the only persons financially interested in this phase of the matter before me are the infant, Gloria, and her mother.
In reaching the conclusion which I have I see no violence worked toward the mandate of the court of errors and appeals inCaruso v. Caruso, supra.
A summation of my conclusions is:
1. That the administratrix upon her accounting of funds of account Number One is surcharged the sum of $10,110.17, federal income taxes paid therefrom against the infant, Gloria, for the years 1922 and 1923.
2. That the balance of $10,110.17 then remaining in the hands of the administratrix be charged with the payment and she shall pay therefrom the amount of expenses and allowances *Page 241 
to counsel hereinbefore fixed and approved and that the balance then remaining in her hands shall be by her distributed under the terms and directions of the decrees of the Naples tribunal.
3. That the administratrix reimburse herself for the before mentioned item of $10,110.17 from account Number Two and that the balance remaining in said account after the withdrawal of said sum of $10,110.17 be deposited in the Banco di Napoli, at its New York offices, in the name of Gloria Caruso, with pupillary restrictions as provided for and required by the decrees of the Naples tribunal, without prejudice as between the said administratrix and the infant, Gloria Caruso (who are solely interested in such funds), as to any further proceeding or judgment thereon of the Naples tribunal concerning such funds or the payment therefrom of the United States federal income taxes of 1922 and 1923 levied against Gloria Caruso and paid by the administratrix from account Number Two by order of this court.
A decree conforming hereto will be signed and entered.